UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GARY A. RIPKA, an individual,

      Plaintiff,

    v.

ROBERT E. LANDWEER & CO., INC., a
Washington corporation; SEAWEST
INDUSTRIES, INC.; GENE WALTER d/b/a
WALTER REFRIGERATION SERVICE;
PORT OF NEWPORT OREGON; TRI-
COUNTY ENGINE, INC.; ISLANDER
ELECTRONICS; and ESTATE OF GARY L.
SUTHERLAND,

      Defendants.

Case No. 6:24-cv-01638-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Gary A. Ripka filed this admiralty action against Defendants[1] Seawest

Industries, Inc. ("Seawest"), Gene Walter d/b/a Walter Refrigeration Service ("Walter"), and Tri-

County Engine, Inc. ("Tri-County"), on September 27, 2024. ECF No. 1.  Plaintiff seeks a

declaration that his vessel, WESTERN BREEZE, is not subject to certain Notices of Claim of

Maritime Lien or to the maritime liens asserted by Defendants. *Id.* Before the Court is Plaintiff's

---

[1] The Complaint also named Robert E. Landweer & Co., Inc., Port of Newport Oregon, Islander
Electronics, and Estate of Gary L. Sutherland, but those Defendants have since been dismissed.
ECF No. 14.

Motion for Default Judgment against Defendants. ECF No. 15. For the reasons below, Plaintiff's

Motion is granted.

## BACKGROUND

This action concerns the vessel, WESTERN BREEZE, Official Number 633206

("Vessel"). Plaintiff is the current owner of the Vessel. Compl. ¶ 2. Plaintiff brought this action

to clear the Vessel of maritime liens or from Notices to Claim of Maritime Lien. *Id.* ¶ 3. The

liens at issue are:

| Defendant | Lien Amount | Date Lien Attached |
|---|---|---|
| Seawest Industries, Inc. | $5,500.00 plus interest | August 3, 1984 |
| Gene Walter d/b/a Walter Refrigeration Service | $5,037.40 plus interest | December 24, 1984 |
| Tri-County Engine, Inc. | $4,397.29 plus interest | October 20, 1992 |
| Total Lien Amount: $14,934.69 plus interest | | |

*Id.* ¶¶ 7, 9, 13. Plaintiff claims that the liens are barred by laches.

Plaintiff properly served Defendants Seawest, Walter, and Tri-County on October 7,

2024. Forman Decl. ¶ 2, ECF No. 12. Defendants did not respond to Plaintiff's Complaint. The

Clerk of the Court entered default as to Defendants on February 6, 2025. ECF No. 13.

## STANDARD

A district court may enter default judgment against a party following the entry of default

by the clerk of the court. Fed. R. Civ. P. 55(b)(2). Whether to grant a default judgment is within

the district court's discretion. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.

1987) (per curiam) ("Rule 55 gives the court considerable leeway as to what it may require as a

prerequisite to the entry of a default judgment."). In exercising its discretion, the district court

must consider the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of [the] plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917-918 (quotation marks omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## DISCUSSION

### I.    *Eitel* Factors

Applying the required factors, the Court first assesses the potential prejudice to Plaintiff should it deny the motion. *Eitel*, 782 F.2d at 1471. The Court finds that this factor weighs in favor of granting the motion because the decades-long delay in Defendants' enforcement of the liens prejudices Plaintiff by clouding the title of the Vessel and impairing its use and marketability. *See* Compl. ¶¶ 8, 10, 14.

The second, third, and fifth *Eitel* factors pertain to the merits of the claims, the sufficiency of the complaint, and the possibility of a dispute concerning material facts. Plaintiff brings this claim under 46 U.S.C. § 31343, alleging that Defendants' liens are barred by laches and seeking a declaration that the Vessel is therefore not subject to any such liens. The doctrine of laches applies when a party unreasonably delays initiation of a lawsuit to recover on a claim and that delay prejudices the other party. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001). Accepting the allegations in the Complaint as true, the notices and liens at issue are each over 30 years old, and Defendants have made no attempts to enforce them, nor to defend this action. Plaintiff has therefore adequately stated that Defendants' delay in enforcing the liens is

unreasonable. Likewise, the Court has already concluded above that Plaintiff is prejudiced by the liens. Thus, the second, third, and fifth *Eitel* factors weigh in favor of Plaintiff.

The fourth *Eitel* factor is the sum of money at stake in the action. *See Eitel*, 782 F.2d at 1471. Under this factor, default judgment is disfavored when the amount of money at stake is substantial. *See id.* at 1472 ($3 million dollar damages claim weighed against default judgment). Here, Plaintiff is not seeking a monetary judgment but rather a declaration that the Vessel is not subject to any maritime lien or Notice of Claim of Maritime Lien from Defendants. Compl. 6. Moreover, the sum of the liens—$14,934.69—is relatively low. The fourth *Eitel* factor therefore weighs in favor of granting Plaintiff's Motion for Default Judgment.

The sixth *Eitel* factor considers whether the default may be due to a defendant's excusable neglect. *See Eitel*, 782 F.2d at 1471. This factor weighs in favor of granting the motion for default. *Id.* Six months have passed since Plaintiff properly served Defendants on October 7, 2024. *See* Forman Decl. To date, Defendants have not appeared to defend. In addition, the liens on the Vessel attached over thirty years ago, but Defendants have not attempted to enforce them. Given this passage of time, there is no evidence of excusable neglect and the sixth *Eitel* factor weighs in favor of Plaintiff.

The final *Eitel* factor requires consideration of the strong policy of the Federal Rules of Civil Procedure that favors making decisions on the merits. *See Eitel*, 782 F.2d at 1471. However, as this Court has previously noted, "the mere existence of [Rule] 55(b) indicates that 'this preference, standing alone, is not dispositive,'" and the preference for a decision on its merits therefore does not preclude a court from granting default judgment. *United States v. Vasquez*, No. 6:24-CV-01192-MTK, 2024 WL 5087408, at *3 (D. Or. Dec. 12, 2024) (alteration in original). Here, Defendants have not responded to Plaintiff's Complaint and a decision on the

merits is therefore impossible. Given that all other factors weigh in favor of default judgment, the policy favoring a decision on the merits does not preclude this Court from entering default judgment against Defendants.

In sum, the Court finds that the *Eitel* factors weigh in favor of entry of default judgment.

## II.    Requested Relief

Plaintiff is not seeking damages but seeks declaratory relief. Compl. 6. Under 46 U.S.C. § 31343(c)(2), "[t]he district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien . . . or that the vessel is not subject to the notice of claim of lien." Accordingly, Plaintiff's requested remedy—a declaratory judgment that the Vessel is not subject to any liens or notices of claims of lien in favor of Defendants—is appropriate.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Default Judgment (ECF No. 15) is GRANTED.

DATED this <u>10th</u> day of April 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

Page 5 — OPINION AND ORDER